UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
MICHAEL L. JACKSON On Behalf of Himself
and All Others Similarly Situated,                          Case No.:

                     Plaintiffs,

                                   **COLLECTIVE AND CLASS**
                                   **ACTION COMPLAINT**
      -vs.-                        **WITH JURY DEMAND**

TOTAL RELOCATION SERVICES, LLC,
CHRISTOPHER MARZO, and SUZANNE NOORMAN,

                   Defendants.
-------------------------------------------------------------------X

       Plaintiff MICHAEL L. JACKSON ("Mr. Jackson") on behalf of himself and all others similarly situated (collectively as "FLSA Plaintiffs" and/or "Rule 23 Plaintiffs"), by and through his attorneys, THE LAW OFFICES OF WILLIAM CAFARO, as and for their Complaint against TOTAL RELOCATION SERVICES, LLC ("TRS"), CHRISTOPHER MARZO ("Marzo"), and SUZANNE NOORMAN ("Noorman") (together "Defendants") alleges upon knowledge as to himself and his own actions and upon information and belief as to all other matters as follows:

<u>**NATURE OF CASE**</u>

       1.     This is a civil action for damages and equitable relief based upon Defendants' flagrant and willful violations of Plaintiffs' rights guaranteed to them by: (i) the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 207(a); (ii) the overtime provisions of New York Labor Law § 160 and the corresponding N.Y. Comp. Codes R. & Regs ("NYCCRR"); (iii) the frequency of payment for manual workers provisions of New York Labor Law § 190, et seq.; (iv) the requirement that employers furnish employees with accurate wage statements on each payday containing specific categories of information under the NYLL § 195(3); and (v) any other claim(s) that can be inferred from the facts set forth herein.

1

2.      Plaintiff worked for Defendants, a full service move management firm and members of its management, as an IT Hardware Technician.

3.      Defendants misclassified its IT Hardware Technicians as independent contractors despite exercising extensive control over the manner in which they conducted work.

4.      Throughout Plaintiff's tenure, Defendants failed to pay its IT Hardware Technicians any overtime premium when they worked over 40 hours in a single week.

5.      Throughout Plaintiff's tenure, Defendants also required Plaintiff and Class Members to work off the clock at least 30 minutes per workday.

6.      Further, throughout the statutory period Defendants failed to pay Mr. Jackson and similarly situated employees on a weekly basis as required under the NYLL.

7.      Also, Defendants failed to furnish Mr. Jackson and similarly situated employees with accurate wage statements on each payday as the NYLL requires.

8.      Defendant paid and treated all their IT Hardware Technicians in a similar manner.

9.      Plaintiff brings this lawsuit against Defendants pursuant to the collective action provisions of the FLSA, 29 U.S.C. § 216(b), on behalf of himself, individually, and on behalf of all other persons similarly-situated during the applicable FLSA limitations period who suffered damages as a result of Defendants' willful violations of the FLSA.

10.     Plaintiff brings this lawsuit as a class action pursuant to Federal Rule of Civil Procedure 23, on behalf of himself, individually, and on behalf of all other persons similarly situated during the applicable NYLL limitations period who suffered damages as a result of the Defendants' violations of the NYLL and the supporting New York State Department of Labor regulations.

## JURISDICTION AND VENUE

11.     Jurisdiction is based upon 28 U.S.C. §§ 1331 1343, insofar as it involves statutes of the United States, specifically, the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*

12.     Plaintiffs further invoke the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367, which confers supplemental jurisdiction on this Court for claims arising under New York law.

13.     Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(2), as all actions comprising the claims for relief occurred within this judicial district.

## PARTIES

14.     At all relevant times herein relevant, Plaintiff Jackson is a resident of the State of New York, and resides in Kings County.

15.     At all times herein relevant, Plaintiff Jackson was an "employee" within the meaning of NYLL § 190(2) and a "manual worker" within the meaning of NYLL § 190(4).

16.     At all times herein relevant, Plaintiff Jackson was an "employee" entitled to protection as defined by the FLSA, and the NYLL.

17.     Upon information and belief, at all relevant times herein, TRS was and is a domestic limited liability company created under the laws of the state of New York.

18.     Upon information and belief, at all relevant times herein, TRS has its principal place of business located at 17 Camptown Road, Irvington, New Jersey 07111.

19.     At all relevant times herein, Defendant TRS was an "employer" of the Plaintiffs within the meaning of the FLSA, and the NYLL.

20.     Upon information and belief, for the calendar year 2020 TRS' gross receipts were not less than $500,000.00.

21.     Upon information and belief, for the calendar year 2021 TRS' gross receipts were not less than $500,000.00.

22.     Upon information and belief, for the calendar year 2022 TRS' gross receipts were not less than $500,000.00.

23.     Upon information and belief, for the calendar year 2023 TRS' gross receipts will not be less than $500,000.00.

24.     At all times herein relevant, Defendant Marzo was and is a resident of the state of New Jersey.

25.     At all times herein relevant, Defendant Marzo has an actual place of business located at 17 Camptown Road, Irvington, New Jersey 07111.

26.     At all relevant times herein, Defendant Marzo was the president, and/or owner, and/or day-to-day overseer of TRS.

27.     Upon information and belief, Defendant Marzo had the ability to hire and fire TRS' employees.

28.     At all times herein relevant, Defendant Noorman was and is a resident of the state of New Jersey.

29.     At all times herein relevant, Defendant Noorman has an actual place of business located at 17 Camptown Road, Irvington, New Jersey 07111.

30.     At all relevant times herein, Defendant Noorman was the Director of IT Services, and/or day to day overseer of TRS.

4

31.     Upon information and belief, Defendant Noorman had the ability to hire and fire TRS' employees.

32.     Defendant Noorman hired the Plaintiff on or about July 1, 2020.

33.     Defendants Marzo and Noorman controlled the terms of the Plaintiff's and Class Member's employment in that they would tell Plaintiff and Class members what tasks to complete and what time frame they needed to be completed.

34.     Defendants Marzo and Noorman required Plaintiff and Class members to give regular status updates concerning the work the Plaintiff and Class members were doing.

35.     Defendants Marzo and Noorman controlled the work schedule of TRS' employees, including the work schedules of Plaintiff and the Class members.

36.     Defendants Marzo and Noorman controlled reh rates and methods of payment for each of TRS' employees, including the Plaintiff's and Class members' pay rates and methods of pay.

37.     Upon information and belief, and at all times herein pertinent, Defendants Marzo and Noorman exercised close control over the managerial operations of TRS, including the policies and practices concerning employees.

38.     At all times herein pertinent, Defendants Marzo and Noorman controlled the terms and conditions of employment, supervised employees, made decisions as to hiring and firing and as to wages with respect to the employees of TRS in general, and with respect to the Plaintiff and Class members in particular.

39.     At all times herein pertinent, Defendants Marzo and Noorman acted as the Plaintiff's and Class members' employer within the meaning of the FLSA and the New York State Labor Law.

40.     Defendants were engaged in interstate commerce within the meaning of the FLSA as it used supplies in the course of business which originated in states other than New York, the combination of which subject Defendants to the FLSA's overtime requirements as an enterprise. These supplies include, but are not limited to, trucks, weight belts, boxes, tape, and hand trucks.

41.     Furthermore, the Defendants' employees, including Plaintiff, the FLSA Plaintiffs, and the Rule 23 Plaintiffs, were individually engaged in interstate commerce as they frequently used goods that have been, and continue to be, moved in interstate commerce.  This independently subjects Defendants to the overtime wage requirements of the FLSA with respect to Plaintiffs and the FLSA Plaintiffs.

## COLLECTIVE ACTION ALLEGATIONS

42.     Plaintiff seeks to bring this suit to recover from Defendants their full payment of all unpaid overtime compensation and liquidated damages under the applicable provisions of the FLSA, 29 U.S.C. § 216(b), individually, on his own behalf, as well as on behalf of those in the following collective:

> Current and former employees of Defendants who, during the applicable FLSA limitations period, performed work for Defendant as non-exempt IT Hardware technicians, or similarly situated employees, regardless of job title in the State of New York who give consent to file a claim to recover damages for overtime compensation that is legally due to them for time worked in excess of forty hours per week ("FLSA Plaintiffs").

43.     Defendant treated Plaintiff and all FLSA Plaintiffs similarly in that Plaintiff and all FLSA Plaintiffs: (1) performed similar tasks, as described in the "Background Facts" section below; (2) were subject to the same laws and regulations; (3) were paid in the same or similar manner; (4) were required to work in excess of forty hours each workweek; and (5) were not paid

the required rate of one and one-half times their respective regular rates of pay for all hours worked over forty in a workweek.

44.    At all relevant times, Defendants were aware of the requirement to pay Plaintiff and all FLSA Plaintiffs at an amount equal to one and one-half times their respective regular rates of pay for all hours worked each workweek above forty, yet Defendants purposefully chose not to do so. Thus, Plaintiff and all FLSA Plaintiffs are victims of Defendants' pervasive practice of willfully refusing to pay their employees overtime compensation, in violation of the FLSA.

## RULE 23 CLASS ALLEGATIONS

45.    In addition, Plaintiff seeks to maintain this action as a class action pursuant to Federal Rule of Civil Procedure ("FRCP") 23(b)(3), on his own behalf, individually, as well as behalf of those who are similarly-situated who the Defendant subjected to violations of the NYLL and the NYCCRR during the applicable statutory period.

46.    Under FRCP 23(b)(3), a plaintiff must plead that:

a. The class is so numerous that joinder is impracticable;

b. There are questions of law or fact common to the class that predominate over any individual questions of law or fact;

c. Claims or defenses of the representative are typical of the class;

d. The representative will fairly and adequately protect the class; and,

e. A class action is superior to other methods of adjudication.

47.    The Rule 23 Class that Plaintiffs seek to define includes:

Current and former employees of Defendants who, during the applicable NYLL limitations period, performed work as non-exempt IT Hardware technicians, or

similarly situated employees regardless of job title, in the State of New York ("Rule 23 Plaintiffs").

### Numerosity

48.    During the previous six years, Defendants have employed, in total, at least fifty employees that are putative members of this class.

### Common Questions of Law and/or Fact

49.    There are common questions of law and fact that govern the claims of each and every Rule 23 Plaintiff, including but not limited to the following: the duties that the Defendants required and require each Rule 23 Plaintiff to perform; whether Defendants paid the Rule 23 Plaintiffs for all hours they worked; whether the Defendants required and require each Rule 23 Plaintiff to work in excess of forty hours per week; whether the Defendants compensated and compensate the Rule 23 Plaintiffs at the legally-mandated rate of one and one half times their respective straight-time rates of pay for all hours worked per week over forty; whether Defendants paid the Rule 23 Plaintiffs on a weekly basis and not later than seven calendar days after the end of the week in which the wages were earned; whether the Defendants furnished and furnish the Rule 23 Plaintiffs with accurate wage statements on each payday containing the information required by N.Y. Lab. Law § 195(3); whether the Defendants kept and maintained records with respect to each hour that the Rule 23 Plaintiffs worked; whether the Defendants kept and maintained records with respect to the compensation that they paid to the Rule 23 Plaintiffs; whether the Defendants maintain any affirmative defenses with respect to the Rule 23 Plaintiffs' claims; whether the Defendants' actions with respect to the Rule 23 Plaintiffs were in violation of the NYLL and supporting regulations; if so, whether the Defendants' violations were in willful

violation of the NYLL and supporting regulations; and if so, what constitutes the proper measure of damages

## **Typicality of Claims and/or Defenses**

50.     As described in the background facts section below, Defendants employed Plaintiff as a non-managerial, non-exempt employee. Plaintiff's claims are typical of the claims of the Rule 23 Plaintiffs whom he seeks to represent, as the Rule 23 Plaintiffs work, and/or have worked for Defendant in excess of forty hours per week, as non-managerial employees, and Defendant failed to pay Plaintiff overtime. Plaintiff and the Rule 23 Plaintiffs are also "manual workers" who Defendant failed to pay on a weekly basis and not later than seven calendar days after the end of the week in which the wages are earned.  Plaintiff and the Rule 23 Plaintiffs enjoy the same statutory rights under the NYLL to be paid at a rate of one and one-half times their straight time rates for all hours worked per week in excess of forty, to be paid on a weekly basis, and to be furnished with accurate wage statements. Plaintiff and the Rule 23 Plaintiffs have all sustained similar types of damages as a result of Defendants' failure to comply with the NYLL and supporting regulations.  Plaintiff and the Rule 23 Plaintiffs have all suffered injury, including lack of compensation or under-compensation, due to Defendant's common policies, practices, and patterns of conduct.  Thus, Plaintiff's claims and/ or the Defendant's defenses to those claims are typical of the Rule 23 Plaintiffs' claims and the Defendants' defenses to those claims.

## **Adequacy**

51.     Plaintiff, as described below, worked the same or similar hours as the Rule 23 Plaintiffs throughout his employment with Defendants. The Defendants did not pay Plaintiff

overtime pay for hours worked over forty each week and paid Plaintiff every two weeks, which is substantially-similar to how the Defendants paid the Rule 23 Plaintiffs. Plaintiff fully anticipates testifying under oath as to all of the matters raised in this Complaint and that will be raised in the Defendants' Answer. Thus, Plaintiff would properly and adequately represent the current and former employees whom the Defendants have subjected to the treatment alleged herein.

## **Superiority**

52.    Plaintiff has no, or few, material facts relating to the Rule 23 Plaintiffs' claims that are atypical of those of the putative class. Indeed, at all relevant times herein, Defendants treated Plaintiff identically, or at the very least, substantially similarly, to the Rule 23 Plaintiffs.

53.    Any lawsuit brought by an employee of the Defendants for the same violations alleged herein would be identical to a suit brought by any other employee for the same violations. Thus, separate litigation would risk inconsistent results.

54.    Accordingly, this means of protecting the Rule 23 Plaintiffs' rights is superior to any other method, and this matter is properly maintainable as a Class Action under FRCP 23(b)(3).

55.    Additionally, Plaintiff's counsel has substantial experience in this field of law.

## **BACKGROUND FACTS**

56.    From six years prior to the commencement of this action Defendant employed non-exempt IT Hardware Technicians throughout New York State.

57.    Upon information and belief, non-exempt IT Hardware Technicians are not required to have any formal education.

58.    Mr. Jackson worked for Defendant from on or about July 1, 2020 and continues to work for the Defendants.

59.    Throughout his employment, Mr. Jackson worked as a non-exempt IT Hardware Technician.  In that role, Mr. Jackson, like all non-exempt IT Hardware Technicians, breaks down computer hardware, places the pieces in bags and then set up the computer hardware in a new location.

60.    As employees of the Defendants, IT Hardware Technicians, including Mr. Jackson were primarily responsible for performing manual tasks and physician labor. This includes, but is not limited to, using tools to breakdown computer hardware, lifting computer hardware to put them in bags and boxes which are to be moved to new locations, lifting computer hardware to place it in the proper location, and using tools to put computer hardware back together.

61.    Throughout the statutory time period, Plaintiff and other IT Hardware Technicians regularly performed manual tasks during the majority of their hours worked.

62.    Therefore, Plaintiff and other IT Hardware Technicians spent more than twenty-five percent of their hours worked performing manual tasks.

63.    Throughout the statutory period to the present, Defendants paid Plaintiff and other IT Hardware Technicians every two weeks.

64.    As a result of the previous paragraph, Defendants withheld wages due and owing to the Plaintiff and Class Members on a biweekly basis.

65.    Due to the Defendants withholding the wages due and owing to the Plaintiff and Class Members, Defendants deprived the Plaintiff and Class Members of use of those funds.  Upon information and belief, this includes, but is not limited to, using the funds to buy groceries, pay rent, and/or make mortgage payments. Furthermore, as a result of the Defendants depriving

Plaintiff and Class Members of these wages, Plaintiff and Class Members were deprived of interest income which would have accrued in their various bank accounts.

66.    Thus, throughout the statutory period Defendants failed to timely pay Plaintiff and other IT Hardware Technicians their wages earned on a weekly basis and not later than seven calendar days after the end of the week in which the wages were earned, in violation of the NYLL.

67.    Defendants both treated and paid Mr. Jackson and the Class Members in a similar manner.

68.    Defendants incorrectly designated Plaintiff and Class members as independent contractors.

69.    Upon information and belief, the decision to classify Plaintiffs and the Class members as independent contractors was made centrally and not on a person-by-person basis.

70.    Defendants controlled and directed the performance of Plaintiff's and Class member's work.

71.    Plaintiff and Class members were not in an independently established trade, occupation, profession or business.

72.    Plaintiff and Class members were not in business for themselves, but rather depended on Defendants' business for the opportunity to render services to Defendants' customers including, but not limited to Morgan Stanley.

73.    Plaintiff and Class members had no opportunity to profit or loss without Defendants.

74.    Plaintiff and Class members could not deal directly with Defendants' customers to offer their own services.

75.    Plaintiff and Class members were required to work for Defendants to provide their services.

76.    Plaintiff and Class members worked for Defendants full time.

77.    Plaintiff and Class members were required to adhere to a particular delivery schedule and could not come and go as they pleased.

78.    Plaintiff and Class members were required to use the Defendants tools in order to accomplish the job duties.

79.    Plaintiff and Class members were required to wear a uniform which prominently showed the TRS logo when conducting services to Defendants' clients.

80.    Plaintiff and Class members were required to adhere to a dress code promulgated by TRS.

81.    If Plaintiff and Class members wore clothes which did not adhere to Defendants' dress code, they would be sent home without pay.

82.    Plaintiff and Class members were required to give the Defendants regular updates on what they had accomplished.

83.    Where the Plaintiff and Class members entered into a building with security, Defendants would coordinate with their clients to allow Plaintiff and Class members into said building.

84.    Plaintiff and Class members were required to send daily timesheets to Defendants. These timesheets contained Defendants' logo.

85.    According to Defendants' internal policies, Plaintiff and Class Members were required to tell Defendants' clients that they were employed by Defendant TRS. If the Plaintiff or a Class Member failed to do so: 1) if the Defendants knew who broke the rule, that person would

13

be fined two hours of pay from that shift; or 2) if the Defendants did not know who broke the rule, everyone working that shift would be fined one hour of pay from that shift.

86.     Further, according to Defendants' internal policies, if Defendants' clients asked Plaintiff or Class Members to do extra work, they were required to get authorization from the Defendants before they could complete the tasks for Defendants' clients.

87.     Throughout his employment with the Defendants, Defendants required Plaintiff to work – and he did in fact work – Monday through Friday from 8:00AM until 7:00PM.

88.     In addition to the above, throughout his employment with the Defendants, Defendants required Plaintiff to work – and he did in fact work – two Saturdays per month from 9:00AM until 5:00PM.

89.     Further, Defendants required Plaintiff and Class Members to work at least 30 minutes off the clock by requiring them to arrive at their shifts 30 minutes before they could clock in.

90.     Defendants also rounded their shifts down to the nearest half hour. For instance, if the Plaintiff or a Class Member worked 5 hours and 25  minutes they would be paid for only 5 hours.

91.     Upon information and belief, if Plaintiff or a Class Member failed to provide a timesheet as required, they were not paid for the shift/week.

92.     Throughout his employment with the Defendants, Mr. Jackson was paid $30.00 per hour.

93.     Throughout the statutory period, Defendants failed to compensate Mr. Jackson at one- and one-half times his applicable regular rate of pay for all hours worked over 40 per week.

94.     Throughout the statutory period, Defendant paid Mr. Jackson every two weeks without providing him with accurate wage statements that reflected the amount of hours that he worked.

95.     Throughout their employment, Defendants paid Plaintiff and Class members, without providing them with statements that properly reflected the amount of hours that they actually worked, their regular rates of pay mir the overtime rate for each hour he worked in excess of forty hours in a given workweek.

96.     Upon information and belief, Defendants' failure to provide accurate wage statements has prevented Plaintiff and Class members from realizing they were being underpaid and from taking appropriate action to obtain the payments due to them.

97.     Defendants acted in the manner described herein so as to maximize their profits while minimizing their labor costs.

98.     Every hour that Plaintiff worked was for Defendant's benefit.

99.     Defendant treated Rule 23 Plaintiffs in the manner described above.

### ***FIRST CLAIM FOR RELIEF AGAINST DEFENDANTS***
#### *Unpaid Overtime under the FLSA*

100.    Plaintiff and the FLSA Plaintiffs hereby incorporate all the preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

101.    Defendant was required to directly pay the Plaintiff and the FLSA Plaintiffs an overtime premium of one and one-half times their regular rate of pay for all hours worked over forty (40) in a given workweek.

102.    As described above, Defendant is an employer within the meaning of the FLSA, while Plaintiff and the FLSA Plaintiffs are employees within the meaning of the FLSA.

103.    As also described above, Plaintiff and the FLSA Plaintiffs worked in excess of forty (40) hours per week, yet Defendants failed to compensate them in accordance with the FLSA's overtime provisions.

104.    The Defendant willfully violated the FLSA.

105.    As such, Plaintiff and the FLSA Plaintiffs are entitled to overtime pay for all hours worked per week in excess of forty (40) at the rate of one and one-half times their respective standard rate of pay.

106.    Plaintiff and the FLSA Plaintiffs are also entitled to liquidated damages and attorneys' fees for the Defendants' violation of the FLSA's overtime provisions.

107.    All of the foregoing constituted willful and repeated violations of the Fair Labor Standards Act, so the applicable statute of limitations is three years pursuant to 29 U.S.C. § 255(a).

### *SECOND CLAIM FOR RELIEF AGAINST DEFENDANTS*
#### *Unpaid Overtime under the NYLL*

108.    Plaintiff and Rule 23 Plaintiffs hereby incorporate all the preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

109.    Defendant was required to directly pay the Plaintiff and Rule 23 Plaintiffs an overtime premium of one and one-half times their regular rate of pay for all hours worked over forty (40) in a given workweek.

110.    As described above, Defendant is an employer within the meaning of the NYLL, while Plaintiff and Rule 23 Plaintiffs are employees within the meaning of the NYLL.

111.    As also described above, Plaintiff and Rule 23 Plaintiffs worked in excess of forty (40) hours per week, yet Defendant failed to compensate them in accordance with the NYLL's overtime provisions.

112.    Due to Defendant's violations of the New York Labor Law, Plaintiffs and Rule 23 Plaintiffs are entitled to recover from Defendants their unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

### THIRD CLAIM FOR RELIEF AGAINST DEFENDANTS
#### *Failure to Timely Pay Wages*

113.    Plaintiff and Rule 23 Plaintiffs hereby incorporate all the preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

114.    From six years prior to the commencement of this action until the present, Plaintiff and the Rule 23 Class were employed as manual workers or workingmen, as defined by the NYLL.

115.    NYLL § 191 requires that employers pay wages to their employees on a weekly basis and "not later than seven calendar days after the end of the week in which the wages were earned."

116.    From six years prior to the commencement of this action until the present, Defendants failed to pay Plaintiff and the Rule 23 Plaintiffs their wages earned on a weekly basis and not later than seven calendar days after the end of the week in which the wages were earned, in violation NYLL § 191.

117.    Defendants' violations of the NYLL have been willful and intentional.

118.    Due to Defendants' violations of the NYLL, Plaintiff and Rule 23 Plaintiffs are entitled to statutory damages equal to the total amount of the delayed wages, attorneys' fees and costs of this action.

### FOURTH CLAIM FOR RELIEF AGAINST DEFENDANTS
#### Nonpayment of Straight Time Wages

119.    Plaintiff and Rule 23 Plaintiffs hereby incorporate all the preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

120.    Named Plaintiff and the Rule 23 Class routinely worked over 40 hours in a given work week.

121.    Defendant has willfully failed to pay all straight time wages due and owing to the Plaintiff and the Rule 23 Class.

122.    Due to Defendant's violations of the New York Labor law, Plaintiff and Rule 23 Plaintiffs are entitled to recover from Defendant their unpaid straight times wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

### FIFTH CLAIM FOR RELIEF AGAINST DEFENDANTS
#### Failure to Furnish Wage Statements in Violation of the NYLL

123.    Plaintiff and Rule 23 Plaintiffs hereby incorporate all the preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

124.    NYLL § 195(3) requires employers to furnish employees with wage statements containing accurate, specifically enumerated criteria on each occasion when the employer pays wages to employees.

125.    As described above, the Defendants willfully failed to furnish Plaintiffs and Rule 23 Plaintiffs with accurate wage statements containing the criteria required under the NYLL.

126.    Pursuant to NYLL § 198(1-d), Defendants are liable to the Plaintiffs and Rule 23 Plaintiffs in the amount of $250 for each workday after the violation occurred, up to a statutory cap of $5,000.

## DEMAND FOR A JURY TRIAL

127.    Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiffs demand a trial by jury in this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs demand judgment against the Defendants as follows:

a.    A judgment declaring that the practices complained of herein are unlawful and in willful violation of the aforementioned United States and New York State laws;

b.    Preliminary and permanent injunctions against Defendants and their agents, employees, representatives, and any and all persons acting in concert with him, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

c.    An order restraining Defendants from any retaliation against any individual for participating in any form in this lawsuit;

d.    Designation of this action as a FLSA collective action on behalf of Plaintiff and FLSA Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Plaintiffs, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

e.      Certification of the claims brought in this case under the NYLL as a class action pursuant to FRCP 23;

f.      All damages that Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs have sustained as a result of the Defendants' conduct, including all unpaid wages and any short fall between wages paid and those due under the law that Plaintiffs would have received but for the Defendants' unlawful payment practices;

g.      Declaring Defendants' violations of the FLSA and NYLL were willful;

h.      Liquidated damages and any other statutory penalties as recoverable under the FLSA and NYLL;

i.      Awarding Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs their costs and disbursements incurred regarding this action, including reasonable attorneys' fees, expert witness fees, and other costs;

j.      Designation of Plaintiff and their counsel as collective/class action representatives under the FLSA and the FRCP;

k.      Awarding punitive damages;

l.      Pre-judgment and post-judgment interest, as provided by law;

m.      Awarding such other and further relief as available under the statues; and

n.      Granting Plaintiffs other and further relief as this Court finds necessary and proper.

Dated:  New York, New York
         May 17, 2023

Respectfully submitted,
LAW OFFICES OF WILLIAM CAFARO


By: Amit Kumar, Esq. (AK 0822)

*Attorneys for the Named Plaintiff as Well as the Putative Class and Collective*
108 West 39th Street, Suite 602
New York, New York 10018
(212) 583-7400
AKumar@CafaroEsq.com